IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM LOWREY HESSE, II | Cause No. CV 26-05-M-DLC<br><br>ORDER |

This matter came before the Court on a letter from Mr. Hesse that the Ninth Circuit Court of Appeals forwarded. (Doc. 1.) In the letter Hesse indicated that he wished to appeal a decision handed down by the Montana Supreme Court in his criminal case, *State v. Hesse*, Cause No. DC-19-246. (*Id*.)

Hesse was advised that this Court did not sit in appellate review of the Montana Supreme Court. (Doc. 2.) Further, he was informed that if he wished to claim a federal constitutional violation occurred in his underlying state proceedings, he might be able to proceed in this Court by filing a 28 U.S.C. §2254 federal habeas petition. (*Id*.) Hesse was provided a copy of the Court's standard form.

Hesse did not file the Section 2254 form, instead he sent a letter indicating that he already filed a petition for habeas relief in the state district court, which was

1

denied. (Doc. 2 at 1.) Hesse indicates that he is confused as to why he would need to file a "second habeas corpus." (*Id.*) Hesse suggests he has no access to the law library at Montana State Prison. (*Id.* at 2.)

In light of Hesse's apparent confusion, some background surrounding his state court proceedings is helpful. A jury in Montana's Twentieth Judicial District, Lake County, found Hesse guilty of Deliberate Homicide and Tampering with Physical Evidence. Hesse appealed his convictions and sentences. *See State v. Hesse*, 2022 MT 212, 410 Mont. 373, 519 P. 3d 462. Hesse argued that the 391-day delay before his jury trial violated his right to a speedy trial. *Hesse*, ¶¶1, 8-24. Hesse also argued that the district court erred when it denied his motion to strike the jury panel. *Hesse*, ¶¶ 25-30. The Montana Supreme Court affirmed. *Hesse*, ¶¶ 1,31.

Hesse then filed a petition for writ of habeas corpus with the Montana Supreme Court, raising ineffective assistance of counsel claims, along with other issues. *See, Hesse v. Salmonsen*, Cause No. OP 24-0220, Or. at 1 (Mont. April 30, 2024). The Court found that Hesse was bringing his arguments via the wrong remedy. Having appealed his convictions, Hesse was precluded from raising the same or similar arguments in his habeas petition because he had exhausted his remedy of appeal. *Id.*, *citing* Mont Code Ann. §46-22-101(2).

The Court observed that in attachments to his habeas petition, it was revealed that Hesse had filed a petition for postconviction relief in the district court. The petition was denied on November 2, 2023. (*Id*.) Hesse apparently did not appeal. Hesse was then informed that his remedy was to file a separate petition for an out-of-time appeal of the district court's denial of his postconviction matter. That would then make the entire record of his underlying criminal matter available for the Court to review. Hesse was advised he would need to comply with Rule 4(6) of the Montana Rules of Appellate Procedure, if he elected to file an out-of-time appeal. Hesse was provided with a copy of the Court's Appellate Handbook. (*Id*. at 1-2.) Hesse's state habeas petition was denied and dismissed. (*Id*. at 2.)

As was previously explained to Hesse, federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co*., 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, it would be entirely inappropriate for this Court to review an "appeal" of either of the Montana Supreme Court's decisions denying him relief.

The Montana Supreme Court's opinion denying Hesse habeas relief explained the steps he would need to take to appeal the denial of his postconviction petition. It appears that Hesse has not heeded the advice provided.

Finally, to the extent that Hesse does have potentially cognizable federal constitutional claims, including ineffective assistance of counsel, he has not exhausted his state remedies. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

Hesse must present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at

845.  Because Hesse has not yet exhausted his available state court remedies, this Court cannot review his claims.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

For all of the reasons set forth herein, the petition will be dismissed without prejudice.  Hesse may return to this Court once all of the procedural requirements have been met.

**Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Hesse has not made a substantial showing of the denial of a constitutional right.  Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.  A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. This matter is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

   DATED this 3rd day of February, 2026.

>   */s/ Dana L. Christensen*
>   Dana L. Christensen
>   United States District Court Judge